IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:19-cr-00257-AA |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| CARLOS A. BERRIOS, | |
| Defendant. | |

AIKEN, District Judge:

The matter before me is defendant Carlos A. Berrios' Motion for Pretrial Release (doc. 56). I held oral argument on the motion on July 31, 2020, and denied the motion on the record for the following reasons. Doc. 60.

## DISCUSSION

Mr. Berrios is a post-plea defendant detained at Federal Correctional Institution ("FCI") Sheridan. On January 23, 2020, Mr. Berrios entered a plea of guilty to one count of possession with intent to distribute 50 grams of more of

methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii), which carries a mandatory minimum sentence of 10 years' imprisonment, § 841(b)(1)(A). Docs. 39, 41. The Court ordered him remanded into custody pending sentencing, which is scheduled for October 7, 2020. Doc. 54. Before his plea, Mr. Berrios had been detained as a flight risk and a danger to the community. Doc. 7.

Mr. Berrios moves for temporary pretrial release under 18 U.S.C. § 3142(i), which permits "the temporary release of [a] person" if "the judicial officer determines such release is necessary for the preparation of the person's defense or for another compelling reason." He argues that the COVID-19 pandemic presents new circumstances that place him in danger of becoming infected if he remains incarcerated and that continued detention at FCI Sheridan violates his due process rights, the Eighth Amendment's prohibition on cruel and unusual punishment, and his right to counsel. Mot. (doc. 56) at 2–3. The Government argues that because Mr. Berrios pleaded guilty and is awaiting sentencing, 18 U.S.C. § 3143 governs his motion for release, not § 3142. Resp. (doc. 57) at 2–3. And the Government argues that § 3143 compels detention here.

Although district courts are split about whether temporary release provision in § 3412(i) can apply to post-plea defendants, *see United States v. Miller*, 3:19-cr-00048-AA, 2020 WL 1976817, at *2 n.4 (D. Or. Apr. 24, 2020), I agree with the Government that § 3143(a), which governs "[r]elease or detention pending sentence[,]" appears to apply to Mr. Berrios' motion. And, as explained below, under those standards, I cannot grant the motion unless I find "exceptional reasons" for

Page 2 – OPINION AND ORDER

release. Even if § 3142(i) applies to this motion, I cannot find "exceptional" or "compelling" reasons for release on this record.

Under § 3143(a), "the judicial officer *shall* order that a person who has been found guilty of an offense" and "who is awaiting imposition or execution of sentence *unless*" the judicial officer finds that certain conditions are met. *See* 18 U.S.C. §§ 3143(a)(1), (2) (emphases added). Because Mr. Berrios pleaded guilty to "an offense in a case described in subparagraph (A) . . . of subsection (f)(1) of section 3142 and is awaiting imposition . . . of a sentence," § 3143(a) requires that he be detained unless:

> (A)(i) [I] find[] there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> (ii) an attorney for the Government has recommended that no sentence be imposed on [Mr. Berrios]; and
>
> (B) [I] find[] by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2).[1]

As mentioned, Mr. Berrios pleaded guilty to an offense that carries a mandatory minimum of 10 years' imprisonment. Thus, I cannot find that there is a substantial likelihood that a motion for acquittal or new trial will be granted, and the Government cannot recommend that no sentence be imposed. Indeed, the Government has already recommended a 135-month term of imprisonment. Doc. 49.

---

[1] Offenses described in 18 U.S.C. § 3142(f)(1)(A) include those "for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," 21 U.S.C. § 801 *et seq*.

However, for a person like Mr. Berrios who is subject to detention under § 3143(a)(2), 18 U.S.C. § 3145(c) provides an safety valve permitting release if (1) the court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community and (2) "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."

Mr. Berrios did not respond to the Government's arguments under §§ 3143(a)(2) and 3145(c) and, thus, did not directly argue that there are "exceptional reasons" for his release from detention. Nevertheless, Mr. Berrios' asserted reasons for release—the risk of illness and lockdown conditions due to the COVID-19 outbreak at FCI Sheridan—are neither "exceptional" under § 3145(c) nor "compelling" under § 3142(i).

There are currently two inmates at FCI Sheridan who have tested positive for COVID-19. *COVID-19 Coronavirus*, Fed. Bureau of Prisons (July 31, 2020), https://www.bop.gov/coronavirus/ (last visited July 31, 2020). After the first positive result was received on July 2, 2020, Sheridan conducted mass testing of all inmates housed at the Federal Detention Center, where the inmate was housed. Doc. 57, Ex. 1 at 6. Only one other inmate has tested positive, and that positive result was received early in the week of July 27, 2020. Mr. Berrios is 29 years old and admits that he "does not have any underlying health conditions which would put him in a high risk group from dying from COVID-19[.]" Mot. (doc. 56) at 3. Given the low number and marginal increase of confirmed COVID-19 cases at FCI Sheridan, despite

Page 4 – OPINION AND ORDER

widespread testing this month, and Mr. Berrios' lack of high-risk characteristics, I cannot find that his likelihood of suffering serious illness or death as a result of COVID-19 is so great as to present "exceptional" or "compelling" reasons for his release.[2]

Concerning the current lockdown conditions at FCI Sheridan, Mr. Berrios reports that, since the first positive test result, inmates in his unit have been confined to their cells almost 24 hours a day and are allowed out to shower or make phone calls only every three or four days. These conditions alone do not present "exceptional" or "compelling" reasons because they present hardships experienced by people incarcerated at BOP institutions nationwide. And Mr. Berrios' motion does not assert that the conditions have a unique impact on or pose a particularized risk to him. *See United States v. Stephenson*, No. 3:20-CR-18-CRS, 2020 WL 1811353, at *3 (W.D. Ky Apr. 8, 2020) (section 3142(i) requires "a particularized finding of necessity"); *United States v. Garcia*, 340 F.3d 1013, 1019 (9th Cir. 2003) (section 3145(c) requires courts to "examine the totality of the circumstances and . . . determine whether, due to any truly unusual factors or combination of factors . . . it would be unreasonable to incarcerate the defendant prior to" sentencing); *Garcia*, 340 F.3d at 1022 ("[h]ardships that commonly result from imprisonment do not meet the ['exceptional

---

[2] Indeed, Mr. Berrios' proposed release plan appears to present a greater risk of contracting COVID-19. As of July 31, 2020, Malheur County, where Mr. Berrios proposes release, had 646 COVID-19 cases and 9 deaths and had an infection rate of 201.7 per 10,000 people, the third highest rate for Oregon counties. *Oregon's COVID-19 Testing and Outcomes by County*, OREGON HEALTH AUTHORITY COVID-19 (July 31, 2020), https://public.tableau.com/profile/oregon.health. authority.covid.19#!/vizhome/OregonCOVID-19TestingandOutcomesbyCounty/OregonsCOVID-19 TestingandOutcomesbyCounty?:display_count=y&:toolbar=n&:origin=viz_share_link&:showShareOp tions=false (last visited July 31, 2020).

reasons'] standard" and "[o]nly in truly unusual circumstances" will pre-sentencing release be appropriate).

Finally, although Mr. Berrios' due process, cruel and unusual punishment, and right to counsel challenges to the conditions at FCI Sheridan were asserted in passing without further discussion or reference to authority, I will briefly address them here.

First, "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). To establish "punishment" that violates due process Mr. Berrios must show either that the lockdown conditions are "intended to punish," or "excessive in relation to its non-punitive purpose," or "employed to achieve objectives that could be accomplished in so many alternative and less harsh methods." *Jones v. Blanas*, 393 F.3d 918, 934 (9th Cir. 2004) (citations omitted and alterations normalized). There is no evidence that FCI Sheridan officials imposed the lockdown conditions to punish Berrios or any other inmates. As Berrios acknowledges, the conditions seek to stop the spread of COVID-19, a highly-contagious disease that spreads particularly quickly in prison environments where less restrictive prevention measures are not possible.

Next, the Eighth Amendment's prohibition on cruel and unusual punishment does not appear to apply to pretrial detainees since the Due Process Clause prohibits any punishment of such persons. *See id.* at 535 n.16 ("Due process requires that a pretrial detainee not be punished. A *sentenced* inmate, on the other hand, may be punished, although that punishment may not be 'cruel and unusual' under the Eighth

Amendment."). Further, when an Eighth amendment claim is based on conditions of confinement that are not formally imposed as a sentence for a crime, proof of a subjective component is required. *Helling v. McKinney*, 509 U.S. 25, 29–30 (1993). Generally, that subjective component is "deliberate indifference" but in the context of emergency actions, conditions are actionable only if they are imposed "maliciously and sadistically for the very purpose of causing harm." *Whitely v. Albers*, 475 U.S. 312, 320–321 (1986). The "deliberate indifference" standard requires proof that prison officials "consciously disregard[ed] a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 839 (1994) (internal quotation marks omitted). Mr. Berrios' motion does not identify any risk of harm posed by the lockdown conditions at FCI Sheridan. Further, as noted, those conditions are part of FCI Sheridan officials' effort to reduce the risk of harm posed by the COVID-19 outbreak at the facility.

Finally, "[n]ot every restriction on counsel's time or opportunity to investigate or consult with [their] client or otherwise prepare for trial violates a defendant's Sixth Amendment right to counsel." *Morris v. Slappy*, 461 U.S. 1, 11 (1983). Mr. Berrios did not describe how conditions at FCI Sheridan have interfered with *his* ability to work with counsel and, although FCI Sheridan's suspension of in-person legal visits and Mr. Berrios' limited access to the telephone does make preparing for sentencing more difficult, those restrictions do not appear to unreasonably burden or significantly interfere with his access to counsel at this time. *See United States v. Granados*, CR 20-00019-CJC-2, 2020 WL 3871448, at *4 (S.D. Cal. July 9, 2020) (concluding that restrictions on legal visits imposed because of the coronavirus

Page 7 – OPINION AND ORDER

pandemic did not violate the Sixth Amendment or warrant release); *United States v. Otunyo*, No. CR 18-251 (BAH), 2020 WL 2065041, at *9 n. 10 (D.D.C. Apr. 28, 2020) (same).    s

## CONCLUSION

For the reasons stated above, Mr. Berrios' Motion for Pretrial Release (doc. 56) is DENIED.

IT IS SO ORDERED.

Dated this 3rd day of August 2020.

                                          /s/Ann Aiken

                                          Ann Aiken
                                   United States District Judge